# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-2530 MRW | Date | February 6, 2020 |
| Title | Jimenez v. Terry York Motor Cars et al. | | |

**Present:** Hon. Michael R. Wilner, U.S. Magistrate Judge

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE RE: FEE APPLICATIONS

1. Defendant Land Rover Encino filed an application for a fee award of nearly a quarter of a million dollars. (Docket # 154.) The motion is noticed for hearing in early March. Neither the notice of motion (Docket # 154 at 1-3) nor the declarations of Ms. Crosby or Ms. Kolar (Docket # 154-2, 154-3) disclose that Defendant engaged in a pre-filing conference with Plaintiff as required under Local Rule 7-3.

2. Are you serious? This Court previously issued an order to show cause based on the failure of Plaintiff's lawyers to participate in such a conference in connection with the motion that led to this very judgment. (Docket # 112.) At the time, I laid out the reasons why I enforce this important rule, and why I demand a legitimate response from lawyers who appear to violate it. (Docket # 114, 116.)

3. BTW, there's a Local Rule that specifically addresses fee applications. L.R. 54-7 states that "Any motion or application for attorneys' fees shall be served and filed within fourteen days after the entry of judgment or other final order, unless otherwise ordered by the Court. Such motions and their disposition <u>shall be governed by L.R. 7-3, et seq.</u>" Oh.

4. And yet, there's no explanation from Defendant as to why it apparently didn't even try to discuss the issue with Plaintiff before filing the motion. I need one. Both Ms. Kolar and Ms. Crosby are ordered to show cause why they should not be personally sanctioned for failing to comply with the Local Rule procedure. Their sworn submissions will be due by February 14. In the meantime, the fee motion and the related (but not-noticed-for-hearing cost app) (Docket # 154, 155) are DENIED without prejudice to later refiling.

5. And don't tell me that I somehow waived the meet-and-confer rule. I didn't. None of the recent orders nor the actual judgment (setting a filing deadline for the fee app)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2530 MRW | Date | February 6, 2020 |
|---|---|---|---|
| Title | Jimenez v. Terry York Motor Cars et al. | | |

remotely could be construed to eliminate compliance. That's especially true given that Plaintiff's lawyers were rung up for their problematic conduct on this same issue.

6. It also hasn't gone unnoticed that the defense filed the motion <u>while the trial in this matter was ongoing</u>. It might not be a bad idea for the lawyers to explain the thought process of filing this obviously contentious motion (a) early, (b) on minimal notice (five weeks to hearing date), and (c) while their adversaries were known to be involved in a jury trial. Feel free to refer to the Court's Civility and Professionalism Guidelines at cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.